[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter presently before this court is the Defendant's Motion to Suppress the results of a breathalyzer test that was taken by the defendant after he was charged under R.I.G.L.31-27-2, for driving under the influence. Defendant was subsequently convicted in District Court and filed a timely appeal to Superior Court under R.I. Dist. Ct. Rule 37.
The facts pertinent to this motion are as follows. Defendant, Donald Collins, was operating his motor vehicle in Portsmouth, RI on March 27, 1993. At approximately 9:50 p.m., the defendant was followed and subsequently pulled over by a Portsmouth police officer. Defendant was ordered to undergo a field sobriety test and was placed under arrest for suspicion of driving while under the influence of intoxicating liquor and/or drugs pursuant to R.I.G.L. 31-27-2. Defendant was then transferred to the Portsmouth police station.
At approximately 10:20 p.m., the defendant signed a Rights for Use at Station form consenting to take a breathalyzer test. This form was provided to him by the Portsmouth Police Department, and is furnished to all local police departments by the Rhode Island Attorney General's Office.
The Rights for Use at Station form outlines an individual's rights upon being stopped for drunk driving. The form warns in part that if a suspect does not submit to a breathalyzer test,' . . . all Rhode Island motor vehicle registrations in your name will also be suspended unless proof of financial responsibility is provided for such vehicles." It is this sentence of the form, which the defendant claims is coercive in nature, thus making his consent invalid. The defendant claims that because his consent is invalid, the test should be suppressed.
This court must now decide whether the Rights for Use at Station form accurately informed Collins of his rights, so he could voluntarily and validly consent to taking the test. This court finds that the form was not clear in explaining Collins' rights, therefore, under the totality of circumstances, the test must be suppressed.
In Levesque v. Rhode Island Department of Transportation,626 A.2d 1286, the defendant signed a Rights for Use at Station form similar to the one signed by Collins. The Rhode Island Supreme Court voided defendant's registration suspension because it was a consequence of which the defendant was not adequately informed when determining whether he would take the breathalyzer test. The Court emphatically held that ". . . the police are required to inform motorists who have been arrested for driving under the influence of alcohol or controlled substances of all the penalties they could incur if they refuse to submit to breathalyzer tests, including the possibility that their registrations will be suspended.' Levesque at 1290. The Court also held that summary registration suspension does not aid the state's interest in keeping drunk drivers off the road, since having an automobile registration entitles the holder to ". . . own the car and to allow the car to be operated, even by another person." Levesque at 1291. Therefore, defendants must be notified of the opportunity of a hearing before their registrations are suspended.
Presently before the Court is a consent case, in which the defendant, Collins, consented to take the test after signing the form, which supposedly explained his rights. However, the defendant claims that due to the inaccurate form, his rights were not explained to him and his decision to consent was coerced, thus his only reason for consenting was to keep his registrations from being summarily suspended.
In State v. St. Jean, 654 A.2d 206, 211 (R.I. 1989), the Supreme Court of Rhode Island hold, "It is undisputed that . . . a defendant consent to the taking of the breath test before its results are admissible." State v. Proulx, 419 A.2d 835, aids this Court in determining the validity of defendant's consent. The Rhode Island Supreme Court ruled that when determining whether consent is valid, the court must explore the "totality of circumstances" surrounding the consent. Proulx at 839. Among these circumstances is whether defendant understood the full input of the warnings each time he heard them. Thus, it is this Court's obligation to determine if incorrect information can adequately warn a defendant of the consequences of taking the test.
In applying the law to the facts at hand, this court finds that the information given to the defendant could not adequately warn him of the consequences of taking the test. Levesque
instructs us that the Rights for Use at Station form the defendant signed was wholly inaccurate in its explanation of registration suspension. The defendant was brought into the police station late in the evening, and presumably shaken-up a bit from the field sobriety tests, the arrest and the ride in a police vehicle. All of these circumstances lead to the conclusion that the defendant did not have the opportunity to intelligently consent to taking the test. As such, the Motion to Suppress the breathalyzer test is granted. The prosecution is free to use other evidence allowed under the statute to prove their case.